Thomas QUARLES, Appellant,

v.

COLORADO SECURITY
AGENCY, INC.

No. 86–7019.

United States Court of Appeals,
District of Columbia Circuit.

April 8, 1988.

Karl W. Carter, Jr., Washington, D.C., was on the brief, for appellant.

Edward L. Norwind, Washington, D.C., was on the brief, for appellee.

Before ROBINSON, SILBERMAN and WILLIAMS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant Thomas Quarles claims that he was impermissibly discharged by his employer, Colorado Security Agency (Colorado), in retaliation for reporting alleged "inaccuracies" in log reports Colorado submitted to the Department of Housing and Urban Development (HUD) in connection with a contract the Company had to perform services at a HUD-owned building. He seeks from his ex-employer reinstatement and compensatory and punitive damages. The District Court dismissed Quarles' complaint for lack of subject matter jurisdiction and because, as an at-will-employee, Quarles had no basis upon which to challenge the firing. We affirm.

## BACKGROUND

Appellant was employed as a security guard by Colorado in December, 1981. The Company had a contract with HUD to provide security for Clifton Terrace, a building owned by HUD. Appellant was assigned to work at this building. According to appellant, upon discovering that Colorado had submitted false logs to HUD for payment, he reported the alleged fraud to the Agency. He claims he was fired by Colorado in retaliation for taking this action. Colorado denies that Quarles was dismissed for this reason, argues that because he was an at-will-employee he could be fired without cause, and claims that in any case, the suit must be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

### Subject Matter Jurisdiction

Title 28 U.S.C. § 1331(a) (1982) provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A claim may be said to arise under federal law within the meaning of this statute in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

■ Quarles makes two arguments as to why his claim arises under federal law. First, he argues that the contract between his ex-employer and HUD was governed by federal law, and therefore because he worked at a building that was the subject of that contract and reported an alleged inaccuracy in documentation submitted to HUD pursuant to that contract, federal jurisdiction is present. Second, he claims that although he was hired by Colorado, he was essentially a federal employee and therefore entitled to the protections of the Civil Service Reform Act, 5 U.S.C. § 2302(b)(8)(A)(i) (1982). That statute prohibits certain governmental agencies from "tak[ing] a personnel action with respect to any employee ... as a reprisal for a disclosure of information by an employee ... which the employee ... reasonably believes evidences a violation of any law, rule or regulation...." Both of these contentions are without merit.

Appellant cites *Eatmon v. Bristol Steel & Iron Works, Inc.*, 769 F.2d 1503 (11th Cir.1985), as support for his first theory of jurisdiction. In *Eatmon*, the employees of a government contractor were seeking to sue their employer for violation of a conciliation agreement the employer had entered into with the Office of Federal Contract Compliance. Although acknowledging that the employees' cause of action for breach of contract was created by state law, the court nevertheless found that the cause arose under federal law within the meaning of Section 1331. The court reasoned that the employees, who had actually been identified in the agreement by name as persons upon whom benefits were to be conferred, were intended third-party beneficiaries of the conciliation agreement, and that "feder-

al law control[led] the enforcement and interpretation of the ... agreement." *Id.* at 1516; *accord Terry v. Northrup Worldwide Aircraft Services,* 786 F.2d 1558, 1560–61 (11th Cir.1986). In addition, the subject matter of the agreement was in compliance with Title VII, an area of particular concern to the Federal Government. *Eatmon,* 769 F.2d at 1517.

In contrast, Quarles is by no means an intended beneficiary of the contract between Colorado and HUD. He was employed by a private entity who happened to have a contract with a federal agency to provide security in a building to which he was assigned. Assuming that the contract between HUD and Colorado is governed by federal law, Quarles had no rights under that contract. Therefore, federal subject matter jurisdiction does not exist under the *Eatmon* rule.

■ Appellant's second theory of jurisdiction is based on the analysis in *Lodge 1858 v. Administrator, NASA,* 424 F.Supp. 186 (D.D.C.1976), *aff'd in part and vacated in part,* 580 F.2d 496 (D.C.Cir.), *cert. denied,* 439 U.S. 927, 99 S.Ct. 311, 58 L.Ed. 2d 319 (1978). The issue in that case was whether NASA had violated certain federal laws and regulations by having non-civil service employees perform work reserved to civil service personnel. In resolving this issue, the District Court set out a test for determining whether the outside personnel were essentially federal employees. If so, then NASA would have been in violation of the governing personnel laws. This test, based on 5 U.S.C. § 2105(a)(3),[1] focused on whether the outside supervisors were merely pro forma supervisors. In making this determination, the District Court examined whether the inherent nature of the job was such that it reasonably required federal supervision. 424 F.Supp. at 194–96. On appeal, this Court found that formulation overly broad, and modified the test so that the critical factor is who *actually* exercises supervision over the employee in question. 580 F.2d at 507.

Appellant argues that application of the *Lodge 1858* test to his situation will result in a finding that he was actually a federal employee. In his brief, appellant relied exclusively on the formulation of the test laid out by the District Court. Indeed, he failed even to inform this court that a decision on appeal existed. Although Quarles' claim would likely fail under either formulation, it is clear that under this court's interpretation of the test, which of course is controlling, Quarles cannot be labelled a federal employee. He was directly supervised by Colorado personnel and the only contact with HUD supported by the record is that concerning the allegedly false log reports.

Because we find that federal jurisdiction is lacking, we need not address the at-will-employee issue. The order of the District Court dismissing the complaint is

*Affirmed.*

---

**1.** That section provides: "(a) for the purpose of this title, 'employee,' except as otherwise provided by this section or when specifically modified, means an officer and an individual who is ...

(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position."